**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH DAKOTA**

CHARLES L. NAIL, JR.
BANKRUPTCY JUDGE



Federal Building and United States Post Office       Telephone: (605) 945-4490
225 South Pierre Street, Room 211                    Fax: (605) 945-4491
Pierre, South Dakota 57501-2463

August 8, 2007


Trustee John S. Lovald
Post Office Box 66
Pierre, South Dakota  57501

Thomas A. Blake, Esq.
505 West 9th Street, Suite 202
Sioux Falls, South Dakota  57104

State Farm Insurance
Subrogation Services
Post Office Box 2373
Bloomington, Illinois  61702-2372

Dr. Timothy Drake, D.D.S.
103 West 12th Avenue
Mitchell, South Dakota  57301

       Subject:    *In re David L. and Sharon R. Klundt*
                          Chapter 7, Bankr. No. 05-42197

Dear interested parties:

      The matter before the Court is Trustee John S. Lovald's Motion to Approve Settlement of Litigation Claims (doc. 16).  This is a core proceeding under 28 U.S.C. § 157(b)(2).  This interim letter decision and accompanying order shall constitute the Court's interim findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014(c).  As discussed below, a briefing schedule on the issues surrounding Dr. Drake's claim will be set; all issues regarding State Farm Insurance Company's subrogation claim will be deferred; and Debtors will be permitted to amend their schedule of property claimed exempt, if they deem it necessary and appropriate to do so.

      *Summary*.  David L. Klundt and Sharon R. Klundt ("Debtors") filed a chapter 7 petition in bankruptcy on October 13, 2005.  Among their assets, Debtors scheduled

*In re David L. and Sharon R. Klundt*
August 8, 2007
Page 2

three choses in action: a Social Security claim and a workers' compensation claim, both of unknown value, held by Debtor David Klundt, and a personal injury claim, valued at $3,753.00, held by Debtor Sharon Klundt. Debtors claimed $3,753.00 of the personal injury claim exempt. Among their liabilities, Debtors scheduled several medical providers and collection agencies for medical care providers.[1]

On June 8, 2007, Trustee Lovald filed a Motion to Approve Settlement of Litigation Claims, in which he proposed to settle the personal injury claim. The settlement consisted of four components: $13,500.00 from Progressive Insurance and $4,731.00 for "med pay" already received from State Farm Insurance Company for Debtor Sharon Klundt's claim and $2,091.00 from Progressive Insurance and $1,289.30 in "med pay coverage" already received from State Farm Insurance Company for Debtor David Klundt's claim. In the motion, Trustee Lovald also requested authority to pay Debtors $3,209.97 for their informally modified exemption and Dr. Timothy Drake $806.26 for a post-petition dental bill. Trustee Lovald stated Dr. Drake's bill "should be paid as a priority claim against the medical pay coverage collected and held by [the personal injury] attorney." Trustee Lovald further asked the Court to disallow a subrogation claim by State Farm Insurance Company because the claim was "not properly perfected under SDCL 44-2, and said insurance carrier is not entitled to priority from the net proceeds of this litigation." No objections to the motion were timely filed.

By letter dated July 23, 2007, the Court asked Trustee Lovald to file a supplement to his motion, setting forth the legal basis for paying Dr. Drake's post-petition dental care bill from the settlement proceeds. By supplement filed August 1, 2007, Trustee Lovald said the personal injury attorney had collected $6,020.30 of the proposed settlement amount

> from the insurance carriers for Debtors under medical pay coverage of their insurance contracts. Those payments were calculated on the basis of bills arising from the injuries, one of which was the $8,106.20[2] post-petition dental claim referenced in the motion. The balance of the

---

[1] The Court has not been able to tie a particular medical claim to a particular chose in action.

[2] This appears to be a typographical error. As noted above, in Trustee Lovald's Motion to Approve Settlement of Litigation Claims, Dr. Drake's claim was stated to be $806.26. Dr. Drake's claim was also stated to be $806.26 in the first paragraph of Trustee Lovald's supplement.

bills arose pre-petition and general unsecured creditors will benefit from the balance of the med pay proceeds.

Trustee Lovald cited *Ford Motor Credit Co. v. Territo (In re Territo)*, 36 B.R. 667 (Bankr. E.D.N.Y. 1984), for his argument that a failure to pay this post-petition medical debt would jeopardize Debtors' fresh start and for his legal proposition that

> [t]o the extent that [a] post-petition un-reimbursed medical expense has been identified, as it has here, such amount should be paid from the med pay proceeds first, and not counted against Debtors' otherwise allowable exemption claim [and] [w]here the settlement has identified a fund payable from Debtors' own insurer, to be devoted to payment of un-reimbursed medical expenses, the post-petition claim as identified in this motion should be first satisfied from that fund before application of the balance of the proceeds to payment of pre-petition expenses of general unsecured creditors.

*Discussion*. Dr. Drake's post-petition claim.[3] The court's decision in *Territo* is based on the federal exemption statute, 11 U.S.C. § 522(d)(11)(D). However, the court also reached the conclusion that money the debtor received from his insurance company for payment of medical bills was in the nature of a trust and was not property of the estate. *Id*. at 670. The court did not cite any provisions of 11 U.S.C. § 541 for its conclusion. It instead relied generally on New York state's "no fault" insurance law.

The answers to the issues surrounding Dr. Drake's post-petition claim are thus not to be found in *Territo*. Those answers will instead likely be found in South Dakota insurance law, the relevant insurance contracts, and § 541, which have not yet been sufficiently identified or argued. Moreover, the Court does not have all the

---

[3] If Dr. Drake's dental practice holds the claim against Debtors, and if the dental practice is a formal legal entity such as a partnership, corporation, or limited liability company, the dental practice will need to retain an attorney to represent it in this bankruptcy case (and any others). In the federal courts in the Eighth Circuit, all legal entities such as corporations, partnerships, and limited liability companies may appear only through an attorney. Officers, directors, or employees of the legal entity may not file papers or appear in court on its behalf, unless they are members of the Federal Bar for the District of South Dakota. *See* 28 U.S.C. § 1654; Fed.R.Bankr.P. 9010(a); and *Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996).

material facts or the relevant documents before it.  The issues presented are very important and have surfaced recently in several cases.  Accordingly, the Court needs to insure any decision it makes is based upon a complete record and only after all interested parties have been given an opportunity to make their legal arguments.

By separate order, deadlines will be set for the parties to file stipulated facts, briefs, and responsive briefs.  If the parties cannot agree on the material facts and so advise the Court by docketed letter, an evidentiary hearing will be set (with the briefing deadlines adjusted accordingly).

Unless the parties agree otherwise, it appears the interrelated issues are (1) whether settlement funds attributable to "insured medical payments" [language used in the settlement motion] are property of the bankruptcy estate; and (2) whether Dr. Drake's post-petition claim is entitled to be paid first from the settlement funds attributable to "insured medical payments."  As to the first issue, the parties will need to focus on state law, the insurance contracts, and the application of § 541.  Hopefully, the answer to the second issue will flow from the answer to the first.

State Farm's subrogation claim.  As to Trustee Lovald's request in his Motion to Approve Settlement of Litigation Claims that State Farm Insurance Company's subrogation claim be disallowed, a settlement motion is not the appropriate pleading to allow or disallow that claim.  The motion did not provide sufficient notice under Fed.R.Bankr.P. 3007 or the requisite formalities and service under Fed.R.Bankr.P. 7001.  Accordingly, Trustee Lovald will need to file an objection to any proof of claim filed by State Farm Insurance Company or commence an adversary proceeding against the company to resolve the issue surrounding its subrogation claim.

Debtors' exemption claim.  Debtors have claimed $3,753.00 of the settlement exempt.  Debtors may amend their schedules to reflect their informal agreement with Trustee Lovald to take less of the settlement in light of the tax refund they have apparently retained.[4]  Debtors may, however, want to delay any final decision regarding additional amendments to their claim of exemptions until after the Court determines whether some of the settlement is not property of the estate (and thus need not be claimed exempt).

---

[4] In their first amendment to schedule C, Debtors claimed the federal income tax refund exempt "up to their $10,000 asset limit."  Since they had previously used their entire $10,000 limit under S.D.C.L. § 43-45-4, Debtors essentially did not claim any portion of the tax refund exempt.

*In re David L. and Sharon R. Klundt*
August 8, 2007
Page 5

      A scheduling order will be entered regarding the issues surrounding Dr. Drake's post-petition claim. An order approving the four settlement amounts themselves will not be entered until the property of the estate issues are resolved. Were the Court to approve the amounts and then later determine some portion thereof is not property of the estate, the settlement might not accomplish what the parties intended.

                           Sincerely,

                           Charles L. Nail, Jr.
                           Bankruptcy Judge

CLN:sh

cc:    case file (docket original; serve parties in interest)

On the above date, a copy of this document was mailed or faxed to the parties shown on the attached Service List.

**Frederick M. Entwistle**
**Clerk, U.S. Bankruptcy Court**
**District of South Dakota**

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

David J. King
809 W. 10 St. Ste A
Sioux Falls, SD 57104

Timothy M. Drake Family Dentistry
103 W. 12th Ave.
Mitchell, SD 57301

Subrogation Services
State Farm Insurance
Post Office Box 2373
Bloomington, Illinois 61702-2372

David Lee Klundt
701 W. McCabe St.
Mitchell, SD 57301

Sharon Ruth Klundt
701 W. McCabe St.
Mitchell, SD 57301